AUTOMATIC SPRINKLER COMPANY OF AMERICA, PETITIONER, *v.*
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 4987.     Promulgated July 18, 1927.

*Ward Loveless, Esq.*, and *F. O. Graves, Esq.*, for the petitioner.
*W. Frank Gibbs, Esq.*, for the respondent.

ORDER OF REDETERMINATION.

BY THE BOARD: On April 23, 1925, the Commissioner mailed to the
Automatic Sprinkler Company of America, 123 Williams Street,
New York City, a notice of his determination of deficiencies of
$32,802.85 for the calendar year 1918 and $7,800.80 for the calendar
year 1919. On June 19, 1925, the Automatic Sprinkler Company of
America, 123 Williams Street, New York City, New York, filed its
petition appealing from the Commissioner's notice of deficiencies
and set forth that "The taxpayer is a Delaware corporation with
principal office at 123 Williams Street, New York City, New York.
The deficiency letter (copy of which is attached) was mailed to the
taxpayer on April 23, 1925. The taxes in controversy are profits
taxes for the calendar years 1918 and 1919 and are less than Ten
Thousand Dollars ($10,000), to wit, about Twenty-one Hundred Dol-
lars ($2,100)." The petitioner then proceeded to assign as error of
the Commissioner in his determination that he had allowed only
$25,000 as invested capital of the petitioner, represented by patents
and patent rights of the Sypho-Chemical Sprinkler Corporation, an
affiliated company, whereas in determining the consolidated invested
capital for said patents and patent rights he should have allowed a
value of $50,000.

The question of the petitioner and the Sypho-Chemical Sprinkler
Corporation being affiliated was not in issue, inasmuch as the Com-
missioner had made his determination upon the basis of the affiliation
of these two corporations.

In his answer filed September 13, 1925, the Commissioner admitted
the allegations contained in the petition, that the taxpayer was a
Delaware corporation with principal office in New York City, that
the deficiency letter was mailed to it on April 23, 1925, and that
the taxes in controversy were profits taxes for the calendar years
1918 and 1919. The Commissioner denied that he had erred in deter-
mining the value of the patents and patent rights to be included in
the consolidated invested capital. Thereafter, on November 9, 1925,
this proceeding came on for hearing before a division of the Board
upon the issues raised and no others, at which hearing evidence was
introduced in support of the taxpayer's claim that the Commissioner
had erred in his determination of the value of the patents and patent

rights. Thereafter, on November 12, 1926, the Board rendered its findings of fact and decision finding that the patents and license agreements value, which for invested capital purposes was the only issue raised in the proceeding, was $50,000, and directed in its interlocutory decision that judgment should be entered redetermining the deficiencies upon the basis of the value of $50,000 of the patents and license agreements on 15 days' notice under Rule 50. 5 B. T. A. 479.

On February 25, 1927, the Commissioner, pursuant to the Board's interlocutory decision, filed his computations of tax liability of petitioner for the years 1918 and 1919. Thereafter, on April 7, 1927, counsel for the petitioner, the Automatic Sprinkler Company of America, who were not counsel of record before the Board for the petitioner in filing of the original petition and the trial of the case, filed an alternative computation of the deficiencies for the calendar years 1918 and 1919 in which it was claimed that the collection of deficiencies computed upon the basis of the Commissioner's original deficiency notice and the Board's decision was barred, and accompanied the said alternative computation with a motion asking the Board to reconsider the original petition filed by this petitioner and to dismiss the petition insofar as it relates to the Automatic Sprinkler Company of America, a Delaware corporation, and hold that the taxes asserted by the Commissioner are barred by the statute of limitations as against the Automatic Sprinkler Company of America, a New York corporation.

The motion of present counsel for the petitioner is an effort to raise entirely new issues that were not involved in the original proceeding, as instituted before the Board, and to have the Board dismiss the original petition and substitute an entirely different taxpayer from the one which was before the Board upon the original pleading and to have the Board consider an entirely new issue not raised by the original pleadings, to wit, the question whether the deficiencies are barred by the statute of limitations. The motion of counsel for the petitioner is not well taken. The Board in its decision promulgated November 12, 1926, decided the issues raised by the pleadings, and the matter of settlement of the amount of deficiencies in accordance with the Board's decision under Rule 50 is not for the purpose of permitting new issues to be raised or new evidence to be introduced in further support of the issues originally raised or in support of new issues sought to be raised. The Board has heretofore held that it will not consider matters not set forth in assignments of error or in original petitions filed. *Everett Knitting Works*, 1 B. T. A. 5; *Dixie Manufacturing Co.*, 1 B. T. A. 641; *W. P. Weaver*, and *R. L. Dunn*, 2 B. T. A. 709; *Gilliam Manufacturing Co.*, 2 B. T. A. 272; *S. L. Fowler*, 6 B. T. A. 250; *Excelsior Motor*

*Manufacturing & Supply Co.*, 5 B. T. A. 582. The motion of counsel for the petitioner that the new issues be considered and decided by the Board under the provisions of Rule 50 is therefore denied, and it is

ORDERED, ADJUDGED AND DECIDED that there are deficiencies in respect of the tax of petitioner of $27,970.46 for the calendar year 1918 and $6,938.95 for the calendar year 1919.